## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARY BILEK, individually and on behalf of others similarly situated, | ) ) ) | Case No. 1:18-cv-03083 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| NATIONAL CONGRESS OF EMPLOYERS, INC., | ) ) ) | **Jury Trial Demanded** |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

1.      Plaintiff Mary Bilek brings this action against Defendant National Congress of Employers, Inc. ("National Congress"), to secure redress for Defendant's practice of calling the cellular telephone numbers of Plaintiff and others using an automatic telephone dialing system and prerecorded voice, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## INTRODUCTION

2.      Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective.  However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money.  As a result, the federal government and numerous states have enacted legislation to combat these widespread telecommunications abuses.  As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes….  Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the

consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

3.      As is relevant here, federal law under the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated.  47 U.S.C. § 227(b)(3).

4.      Defendant National Congress caused multiple automated calls to be made to Plaintiff's cell phone without her consent, and Plaintiff files this class action complaint on behalf of herself and others similarly situated, seeking relief from Defendant's illegal calling practices.

## PARTIES

5.      Plaintiff Mary Bilek is a natural person who resides in Cook County, Illinois.

6.      Defendant National Congress of Employers, Inc. is a Delaware corporation headquartered, on information and belief, at 100 Garden City Plaza, Suite 102, Garden City, New York 11530.

## JURISDICTION AND VENUE

7.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

8.      The Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because National Congress does business in this District,

made the calls that are the subject of this lawsuit to Plaintiff and others in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## FACTS

9.     Defendant caused autodialed and prerecorded-voice calls to be made to the cell phones of Plaintiff and other consumers, without the prior express consent of the called party.

10.     On information and belief, the equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator (and to dial such numbers), but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers.  These calls were made with equipment capable of dialing numerous phone numbers in a short period of time without human intervention, as part of an automated process. Moreover, Defendant engaged these capabilities with regard to the calls to Plaintiff and the class.

11.     Defendant also employed unattended messages in calls to Plaintiff; that is messages that were recorded ahead of time, and then automatically played when Plaintiff or her voice mail picked up.

12.     Many of the people to whom Defendant made or caused to be made autodialed or prerecorded-voice calls never expressly consented to receive such calls, including Plaintiff.

13.     On information and belief, many of these individuals were sent more than one call, and Defendant lacks an adequate system for preventing autodialed or prerecorded-voice calls to phones for which it does not have consent.

14.     National Congress made these calls to Plaintiff and the other members of the class defined below negligently.

15.     Alternatively, the calls were intentional, and National Congress was aware of the TCPA's prohibitions against use of autodialers or an artificial or prerecorded voice in calls to consumers, but made the business decision to make these calls, anyway.

**Facts Relating to Plaintiff**

16.     National Congress and/or some vendor(s) on its behalf have made multiple calls to Plaintiff's cellular telephone number, including on March 22, 2018, April 18, 2018, and April 19, 2018, among other instances, which are not specifically delineated by date here, but all of which are alleged to be part of this case.

17.     National Congress' calls to the cell phones of Plaintiff and others were made using an automatic telephone dialing system ("autodialer" or "ATDS") under the TCPA. The equipment had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.  In other words, no human being physically dialed each digit of Plaintiff's and the other class members' telephone numbers to call their phones—the calls were made using equipment with the capacity to dial a large number of phone numbers in a short period of time, without human intervention.  The equipment used to call Plaintiff and the other class members sequentially or randomly accessed their stored telephone numbers, and automatically called them.

18.     National Congress' calls to Plaintiff's and others' cell phone numbers were also made using an artificial or prerecorded voice.

19.     The automated nature of National Congress' calls is further evidenced by the fact that it repeated the same message across multiple calls to Plaintiff. For example, Plaintiff received voicemail messages on her cell phone from caller ID (773) 273-6136 at approximately 6:01 p.m. and 6:39 p.m. on March 22, 2018, from caller ID (703) 348-6954 at approximately

11:39 a.m. on April 18, 2018, and from caller ID (980) 242-3698 at approximately 10:16 a.m. on April 19, 2018, among other possible instances, all of which played the following previously-recorded message:

> ... limited health involvement period for a few weeks, so you and your family can get a great insurance plan at the price you can afford. And we make it hassle-free to sign up. We have pre-approvals already in your area, including Cigna, Blue Cross, Aetna, United, and many more. Press "1" to get a hassle-free assessment, or press "2" to be placed on our do-not-call list. Thanks for your time, and be healthy and blessed.

20.     Upon information and belief, National Congress made other calls to Plaintiff's cell phone, too.

21.     During a call Plaintiff received from Defendant on March 16, 2018, after Plaintiff "pressed 1" through the automated prompt to speak with a representative, Defendant gave her a quote for health, dental, vision, and life insurance. After Plaintiff was transferred to another representative, the call disconnected.

22.     Defendant did not have permission or consent to make the calls. Indeed, Plaintiff asked Defendant not to call her, but continued to receive calls.

23.     Defendant knew it did not have Plaintiff's consent to make some or all of these calls.

24.     Defendant's business model is to knowingly use an autodialer to call cellular telephone numbers it knows it does not have consent to call, including using an artificial or prerecorded voice.

25.     Plaintiff and the class have been damaged by Defendant's calls. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the calls. Defendants' calls were annoying and a nuisance, and wasted the time of Plaintiff and the class.

- 5 -

*See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls).

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), on behalf of a class consisting of:

> All persons in the United States whose cellular telephone number National Congress or some party on its behalf called using an artificial or prerecorded voice or the same or similar dialing system used to call Plaintiff, where such calling was made to a telephone number the recipient had not provided to National Congress.

27.     Upon information and belief, there were more than 100 persons whose cell phone number National Congress or a third-party on its behalf called without permission using the same equipment used to call Plaintiff.

28.     Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

a.   Whether the calls to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

b.   Whether the calls to Plaintiff and the class were made using an artificial or prerecorded voice as such terms are defined or understood under the TCPA and applicable FCC regulations and orders

c.   Whether National Congress had prior express consent to call the cell phone numbers of Plaintiff and the other members of the class; and

d.   Damages, including whether any violations were performed willfully or

knowingly, such that Plaintiff and the other members of the class are entitled

to treble damages under 47 U.S.C. § 227(b)(3).

29.     Plaintiff's claims are typical of the claims of the other members of the class.  The

factual and legal bases of National Congress' liability to Plaintiff and the other members of the

class are the same: National Congress violated the TCPA by causing automated calls to be made

to the cellular telephone number of each member of the class, without permission.

30.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has

no interests that might conflict with the interests of the class.  Plaintiff is interested in pursuing

her claims vigorously, and she has retained counsel competent and experienced in class and

complex litigation, including with regards to the claims alleged herein.

31.     Class action treatment is superior to the alternatives for the fair and efficient

adjudication of the controversy alleged herein.  Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual action

would entail.  There are, on information and belief, thousands of class members, such that

joinder of all members is impracticable.

32.     No difficulties are likely to be encountered in the management of this action that

would preclude its maintenance as a class action, and no superior alternative exists for the fair

and efficient adjudication of this controversy.

33.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff

and the other members of the class, thereby making relief appropriate with respect to the class as

a whole.  Prosecution of separate actions by individual members of the class, should they even

realize that their rights have been violated, would likely create the risk of inconsistent or varying

adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

34.     The identity of the class is, on information and belief, readily identifiable from Defendant's records.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227

35.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

36.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

37.     Defendant initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff and the other members of the class defined below using an automatic telephone dialing system, as well as with an artificial or prerecorded voice.

38.     These calls were made without regard to whether or not Defendant had previously obtained express permission from the called party to make such calls.  In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the class when the calls were made.

39.     These calls were willful or knowing.

40.     National Congress violated the TCPA by making non-emergency calls to the cell phones of Plaintiff and others using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express consent.

41.     To the extent that some of the calls to Plaintiff and the class were made by

vendors of National Congress. National Congress is liable for those calls, too.

42.     As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500 in damages for each violation.  Plaintiff and the class are also entitled to an injunction against future calls.  47 U.S.C. § 227(b)(3).

43.     Because National Congress knew or should have known that Plaintiff and the other members of the class had not given prior express consent to receive its automated calls to their cell phones—and/or willfully caused automated calls to be made to the cell phones of Plaintiff and the other members of the class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the class, pursuant to Section 227(b)(3) of the TCPA.

WHEREFORE, Plaintiff Mary Bilek, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

A.     Certification of the class as alleged herein;

B.     A declaration that National Congress violated the TCPA as to Plaintiff and the class;

C.     Damages, pursuant to 47 U.S.C. § 227(b)(3);

D.     Injunctive relief, pursuant to 47 U.S.C. § 227(b)(3), aimed at ensuring the prevention of National Congress from violating the TCPA in the future, including:

1.     Requiring National Congress to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of National

Congress' outbound calls to ensure that National Congress had

consent and that the consumer had not previously asked that calls

stop, and (c) report the results of the above investigations to the

Court and Plaintiff's counsel on a quarterly basis.

2. Requiring National Congress to include an automated IVR opt-out

mechanism at the beginning of any and all prerecorded-voice calls;

E. Attorneys' fees and costs, as permitted by law; and

F. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: April 30, 2018

MARY BILEK, individually and
on behalf of others similarly situated

By: _/s/ Alexander H. Burke_

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

- 10 -

## **Document Preservation Demand**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

*/s/ Alexander H. Burke*