IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY BILEK, individually and on behalf of others similarly situated,<br><br>                  Plaintiff<br><br>v.<br><br>NATIONAL CONGRESS OF EMPLOYERS, INC., NATIONAL BENEFIT BUILDERS, INC., ACCESSONE CONSUMER HEALTH, INC., HEALTH ADVISORS OF AMERICA, INC. d/b/a ENROLLMENT CENTER OF AMERICA and HAPPYHEALTHPLANS.COM, MICHAEL SMITH, ZACHARY COX, SEAN DUFFIE, BENEFITS MATTER INC., ANN FILS and DOES 1-10,<br><br>                  Defendants. | Civil Action No. 1:18-cv-03083<br><br>Hon. Judge Charles R. Norgle, Sr.<br>Hon. Mag. Judge Jeffrey T. Gilbert |

**DEFENDANTS NATIONAL CONGRESS OF EMPLOYERS, INC., NATIONAL BENEFIT BUILDERS, INC., AND ACCESSONE CONSUMER HEALTH, INC.'s RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND CROSS-MOTION TO STAY DISCOVERY DEADLINES**

Defendants NATIONAL CONGRESS OF EMPLOYERS, INC. ("NCE"), NATIONAL BENEFIT BUILDERS, INC. ("NBBI"), and ACCESSONE CONSUMER HEALTH, INC. ("AccessOne") (collectively, "Defendants"), take no position on the relief sought in Plaintiff's Motion for Leave to File a Second Amended Complaint. Rather, in light of the new parties and materially different allegations in the proposed Second Amended Complaint, Defendants cross-move this Honorable Court to stay all discovery deadlines and further discovery until after plaintiff Mary Bilek's ("Plaintiff") Motion to Amend the Complaint is ruled upon and, if such

1

motion is granted, all defendants have had the opportunity to file a response to the Second Amended Complaint.[1]

While Defendants take no position on the relief sought in Plaintiff's motion, Defendants must address statements supporting Plaintiff's motion which are false, deceptive, and circle the bounds of professionality. Indeed, Plaintiff's motion has been used as a vehicle to disparage defendant NCE to the Court, and to recklessly claim that NCE has been untruthful in its discovery responses and concealed material facts, simply because it has refused to capitulate to Plaintiff's unfettered discovery demands. This type of bully-gamesmanship should not be countenanced. Furthermore, discovery should be stayed as the factual and class allegations contained in the proposed second amended complaint materially differ from those contained in the operative complaint. In fact, Plaintiff has added additional parties, who now appear to be the main focus of Plaintiff's allegations, and removed others who were key to the allegations contained in the operative complaint. It would be unduly burdensome, inefficient, and costly for the parties to continue with discovery when the operative facts that form the basis of Plaintiff's class action are poised to change so drastically. Defendants therefore ask that the requested relief be granted, and state as follows:

## BACKGROUND

On May 7, 2019, the Court entered the following dates for the completion of discovery:

a. All non-expert fact discovery will be completed by September 4, 2019;

b. Reports from retained experts under Rule 26(a)(2), if any, are due as follows:

---

[1] On August 5, 2019, undersigned counsel met and conferred with Plaintiff's counsel. While Plaintiff's counsel was open to staying discovery until Plaintiff's motion to amend was ruled upon, counsel refused to agree to the stay requested in this motion.

        i. from Plaintiff on October 5, 2019; and

        ii. from Defendant(s) on November 5, 2019;

    c. All expert depositions will be completed by December 20, 2019.

(D.E. 75).

On August 2, 2019, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (D.E. 102). Defendants were provided until August 16, 2019 to file a response. *Id.* Plaintiff was given until August 23, 2019, to file a reply. *Id.* A hearing date has not yet been set.

Plaintiff's most recent proposed complaint is profoundly different from her earlier versions. Plaintiff has, among other things, amended to: (a) seek to add as defendants Health Insurance Innovations, Inc. ("HII") and Unified Life Insurance Company ("ULIC") and focus most of her new allegations against HII instead of the other defendants; (b) change the theory of liability against the defendants to allege liability based upon a common relationship with HII; (c) materially alter allegations regarding the individuals and/or entities that allegedly made the calls at issue and how those operations functioned; (d) allege numerous Telephone Consumer Protection Act violations against multiple non-parties to this action; (e) identify alleged phone calls not set forth in the previous Complaints; (f) change the factual allegations regarding the violative caller and method by which the alleged violation occurred; (g) significantly alter the classes on whose behalf Plaintiff brings this allegations; (h) add to the questions of fact or law allegedly common to alleged class members; (i) allege a greater number of persons who qualify as class members; and (j) for the first time, allege the calls at issue were made willfully or knowingly.

The proposed Second Amended Complaint, as well as Plaintiff's Motion for Leave to File the Amended Complaint, are also, as noted, being used by Plaintiff to slander Defendants.

3

Plaintiff claims that, "as suspected, NCE was actively looking to avoid disclosing relevant information," referencing an email from NCE to HII. Plaintiff's Exhibit B. Plaintiff, however, pulls this email out of context in order to suit her narrative – she neglects to mention the emails directly preceding it, which discusses how HII *does not sell the carrier Plaintiff quoted in her Complaint*. Plaintiff cannot, therefore, credibly claim that NCE has committed a sanctionable concealment of discovery. Further, NCE turned its contract with HII over to Plaintiff as a show of good faith when Plaintiff specifically asked NCE for it. NCE otherwise had no knowledge of whether HII was involved in the alleged call. Plaintiff's steadfast refusal to believe that does not change this reality, nor does it give Plaintiff license to make reckless, false and misleading remarks about Defendants.

      Plaintiff's allegations that NCE refuses to comply with the Court's discovery order is a similar mischaracterization. Plaintiff continuously asserts, both in her motion and out of Court, that the Court compelled production of all documents Plaintiff requested from NCE. As the Court is undoubtedly aware, while the Court requested that NCE "revamp" discovery and provide better answers than those it provided when represented by former counsel, the Court explicitly recognized the overbreadth of Plaintiff's requests. This mischaracterization, in turn, appears to be the basis for Plaintiff's similarly misleading statement that NCE "continues to refuse to disclose the remaining entities in its telemarketing scheme." What Plaintiff is requesting is that NCE turn over the entirety of its business operations, having to do with products that are not alleged to have been marketed to Plaintiff or otherwise referenced in Plaintiff's complaint. It appears, rather, that Plaintiff, who has filed two (2) TCPA-related

lawsuits through adverse counsel in 2018 alone, is using this type of searching discovery to make out new causes of action.[1]

On August 6, 2019, subsequent to filing the Motion for Leave to File Amended Complaint, Plaintiff served NCE with a second set of discovery requests, including fifty-four (54) additional Requests for Production and five (5) additional Interrogatories. Putting aside the fact that these requests are clearly harassing and designed to impose an undue burden on NCE,[2] if a stay of discovery is not granted, NCE will be required to respond to these discovery requests based on the allegations in the operative Complaint, which are materially distinct from those contained in the proposed Second Amended Complaint. Then, if and when Plaintiff's Motion for Leave to File Amended Complaint is granted, the entire discovery process that has transpired thus far and will have transpired up to that point will reset from square one, as the issues of relevance, scope and proportionality will have undoubtedly changed.

## LEGAL DISCUSSION

Proceeding with discovery before a ruling on and/or the filing of Plaintiff's proposed Second Amended Complaint would impose substantial costs and burdens on the parties and on

---

[1] Notably, the proposed Second Amended Complaint alleges violations of the TCPA against NCE and NBBI based on the *same legal theory* alleged in *Hossfeld v. American Financial Life Insurance Company, et al.*, case number 0:19-cv-60597, pending in the United States District Court for the Southern District of Florida ("FL Lawsuit"). In this respect, the Proposed Second Amended Complaint likely violates the rule against splitting causes of action, which is for the protection of the defendant, and serves to prevent a multiplicity of suits and appeals with respect to the same cause of action. *See Clements v Airport Authority of Washoe County,* 69 F. 3d 321 (9th Cir. 1995); *Brown v Chaffee,* 612 F.2d 497 (10th Cir. 1979).

[2] For instance, the first of Plaintiff's Interrogatories asks NCE to "Identify and explain the basis for any permission or consent, including but not limited to "prior express written consent" you contend you had for any phone number or person identified in the data Fextel, Inc. ("Fextel") produced in this action, citing to Bates numbers." The data produced by Fextel is a hard drive containing tens of thousands, if not hundreds of thousands of call recordings, of which only one has Plaintiff demonstrated references a NCE-branded product, and which Plaintiff's counsel himself previously represented he did not finish reviewing.

5

this Court. If Defendants' cross-motion is not granted, the parties would be required to incur the time and expense of litigating discovery issues that may not be relevant,[3] as well as the time and expense of litigating (and then relitigating) the issues piecemeal. The Court will similarly be forced to expend judicial resources on discovery disputes concerning the operative Complaint, which disputes will be obviated and/or reinvigorated if and after the proposed Second Amended Complaint is filed.

Courts routinely stay cases in order to preserve judicial and party time and resources. *See Riddell, Inc. v. Kranos Corp.*, No. 16 C 4496, 2017 U.S. Dist. LEXIS 35004, at *4-5 (N.D. Ill. Mar. 12, 2017) (a court has inherent authority to stay proceedings to conserve its own time and that of the parties) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)); *Ignite USA, LLC v. Pacific Market International, LLC,* No. 14 C 856, 2014 U.S. Dist. LEXIS 73412, at *5 (N.D. Ill. May 29, 2014) (when analyzing a motion for stay the court should consider whether the requested stay would prejudice the non-moving party, whether a stay will simplify the issues, whether the stay will reduce the burden of litigation on the parties, and the extent of the proceedings in the case).

A temporary stay of discovery is appropriate and necessary here. By way of illustration, the operative Complaint that currently controls the scope of discovery in this matter makes no reference to HII. The proposed Second Amended Complaint, by contrast, states that HII "is at the center of this telemarketing scheme. HII enlists insurance agents such as Enrollment Center of America to sell health-related products and services, such as membership in National Congress

---

[3] NBBI and AccessOne propounded discovery requests on Plaintiff on July 23, 2019, under the operative Complaint, to which a response is due on August 23, 2019. If the Court grants Plaintiff's Motion for Leave to File Amended Complaint, the relevance, scope and proportionality of the requests and necessary responses will be significantly altered.

of Employers, Inc. ("NCE") branded programs and life insurance such as from Unified Life Insurance Company ("Unified"). *See* proposed Second Amended Complaint, ¶7.

The proposed Second Amended Complaint also alleges that "HII helps agents and salespeople such as Enrollment Center of America with their telemarketing efforts through a program whereby it advances the cost of telemarketing efforts. HII takes a security interest in agents' business in exchange, which is what it did with Enrollment Center of America. In other words, HII *paid* for the telemarketing calls to Plaintiff and many- or most- of the class members. *Id.* at ¶ 11. In the operative Complaint, Plaintiff alleges that "… [Ann] Fils – in her capacity as a principal of Benefits Matter – has admitted to having done telemarketing for [NCE] and has been tied to the calls at issue in this complaint through Celerity's inbound call records…" *See* First Amended Complaint, ¶ 25. The proposed Second Amended Complaint is completely devoid of any allegations concerning Ann Fils, Celerity, or Benefits Matter.

The effect of these significantly altered allegations would be to render a vast amount of discovery that has and is being exchanged utterly irrelevant, and to create an entire new body of discovery that may be relevant. Given the pendency of Plaintiff's Motion for Leave to File an Amended Complaint, the pleadings are not yet settled and the issues in controversy and subject to discovery are not yet defined. Granting a stay of discovery until all defendants have filed responsive pleadings will conserve the parties' and the Court's resources so that they will not have to shoulder the time, costs, and effort related to responding and considering discovery requests which would be better posed to another party, may become moot, or would require multiple searches of the same documents.

Indeed, if a stay is not granted, tens of thousands of documents would have to be reviewed for relevancy and responsiveness at least twice and any depositions would necessarily

have to be conducted twice given the significant and material alterations in the allegations. The need to depose the same person more than once is even more burdensome and inefficient in this case since the parties are spread across the country, including Illinois, New York, New Jersey, and Florida.

Moreover, no harm will result from entering a temporary stay, as Plaintiff has no basis to credibly contend this until there is a determination of what issues are in controversy will cause Plaintiff any prejudice. To the contrary, the absence of a stay would prejudice Defendants, as they would be required to continue to engage in discovery under an operative Complaint that is materially different then the amended complaint Plaintiff seeks leave to file.

Plaintiff's own actions have prompted this Motion and this Court should not permit Plaintiff to simultaneously seek leave to change the theory of liability, class allegations and operative facts while permitting Plaintiff to engage in discovery based upon a different theory of liability, class allegations and operative facts. Essentially, allowing discovery to proceed under the operative Complaint while a motion to amend that Complaint *this drastically* is pending would result in a lawsuit in which two separate discovery processes have taken place, both to the benefit of Plaintiff. Put differently, it would allow Plaintiff to charter new waters after her first fishing trip came up short. This is additionally alarming in light of Plaintiff's recent statements on the record in the Florida Action, evidencing Plaintiff's intention to use discovery obtained in this matter for that case in spite of a stay of discovery being entered in the Florida Action.

For all of the foregoing reasons, Defendants request a stay of all discovery deadlines until the Court has ruled upon Plaintiff's Motion to Amend the Complaint, and, if such motion is granted, all defendants have had the opportunity to file responsive pleadings. Defendants

respectfully request that the Court reschedule the current discovery deadlines and defer the joint discovery plan to a date thereafter.[4]

WHEREFORE, Defendants NATIONAL CONGRESS OF EMPLOYERS, INC., NATIONAL BENEFIT BUILDERS, INC., and ACCESSONE CONSUMER HEALTH, INC., respectfully request that this Honorable Court enter an order staying all discovery deadlines to be rescheduled after Defendants have filed their responsive pleading to any amended complaint. Alternatively, Defendants request a stay of all discovery deadlines, to be rescheduled after until the Court rules on Plaintiff's motion to amend her complaint.

Dated: August 16, 2019

                                              Respectfully submitted,

                                              *s/ Josh M. Kantrow*
                                              Josh M. Kantrow

Charles J. Messina, Esq.
Gioia E. Topazio, Esq.
**GENOVA BURNS LLC**
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
Cmessina@genovaburns.com

Josh M. Kantrow (ARDC No. 6231027)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Tel: (312) 345-1718
Fax: (312) 345-1778
Josh.Kantrow@lewisbrisbois.com

*Attorneys for Defendants,*
*National Congress of Employers, Inc.,*
*National Benefits Builders, Inc., and*
*AccessOne Consumer Health, Inc.*

---

[4] In the event that a motion to dismiss is filed in response to the proposed second amended complaint, discovery should be stayed until such dispositive motion is resolved. *See, e.g., Chicago Board Options Exchange v. Connecticut General Life Insurance Company,* 95 F.R.D. 524 (N.D.Ill.1982).

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system on this 16th day of August, 2019, which will send electronic notification to the attorneys of records at the email addresses on file with the Court.

>                                       *s/ Josh M. Kantrow* _____
>                                       Josh M. Kantrow

Charles J. Messina, Esq.
Gioia E. Topazio, Esq.
**GENOVA BURNS LLC**
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
Cmessina@genovaburns.com

Josh M. Kantrow (ARDC No. 6231027)
Thomas M. Wolf (ARDC No. 6314294)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Tel: (312) 345-1718
Fax: (312) 345-1778
Josh.Kantrow@lewisbrisbois.com
Thomas.Wolf@lewisbrisbois.com