UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY BILEK, individually and on behalf of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL CONGRESS OF EMPLOYERS, INC., NATIONAL BENEFIT BUILDERS, INC., ACCESSONE CONSUMER HEALTH, INC., HEALTH ADVISORS OF AMERICA, INC. d/b/a ENROLLMENT CENTER OF AMERICA and HAPPYHEALTHPLANS.COM, MICHAEL SMITH, ZACHARY COX, SEAN DUFFIE, BENEFITS MATTER INC., ANN FILS, and DOES 1-10 <br><br> Defendants. | Case No. 18-CV-03083 <br><br> Hon. Charles R. Norgle, Sr. <br><br> Hon. Magistrate Jeffrey T. Gilbert |

### UNITED STATES OF AMERICA'S NOTICE OF INTERVENTION

Pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1), and in accordance with the authorization of the Solicitor General of the United States, the United States of America hereby intervenes in this case for the limited purpose of defending the constitutionality of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. On December 22, 2020, remaining defendants, National Congress of Employers, Inc., National Benefits Builders, Inc., AccessOne Consumer Health, Inc., and Health Insurance Innovations, Inc., (collectively "Defendants") filed a Motion to Dismiss Plaintiff's Second Amended Complaint, arguing that it would be unlawful to apply the TCPA against Defendants in light of a Supreme Court decision holding that an exception

contained in the statute was unconstitutional and three district court decisions interpreting that Supreme Court decision. ECF No. 301.

Federal Rule of Civil Procedure 5.1 provides for a procedure to notify the United States when a federal statute is challenged as unconstitutional. Rule 5.1(c) allows the Attorney General to intervene within 60 days of the filing of an appropriate notice or the Court's certification of the constitutional challenge, "[u]nless the Court sets a later time." No notice was filed in this case pursuant to Rule 5.1. However, after the government became aware of the constitutional questions presented in this case, the United States filed an Acknowledgement of Constitutional Challenge, indicating that it would determine whether to intervene on the question of the constitutionality of the TCPA by May 10, 2021. ECF No. 339. The United States further stated that if it decided to intervene in this action, it would file a memorandum in support of the constitutionality of the statute by May 10, 2021. *Id*. Undersigned counsel for the United States provided notice of its intent to determine whether to participate in this action to counsel for Plaintiff and counsel for Defendants. Neither Plaintiff nor Defendants opposed the timeline proposed by the United States. *Id*.

The United States is entitled to intervene in this case pursuant to the Federal Rules of Civil Procedure and relevant statutes. Not only does Rule 5.1(c) permit the Attorney General to intervene in an action where, as here, the constitutionality of a federal statute is challenged, but Fed. R. Civ. P. 24 further permits a non-party to intervene when the non-party "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The United States has an unconditional statutory right to intervene "[i]n any action . . . wherein the constitutionality of an Act of Congress affecting the public interest is drawn in question . . . ." 28 U.S.C. § 2403(a). In such an action, "the court . . . shall permit the United States to intervene . . . for argument on

the question of constitutionality." *Id*. In addition, 28 U.S.C. § 517 authorizes an officer of the Department of Justice to intercede "to attend to the interest of the United States in a suit pending in a court of the United States." *United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 892 F.3d 822, 833 n.6 (6th Cir. 2018) ("The legislative branch has created the scheme that gives the executive branch the ability to 'attend to the interests of the United States,' 28 U.S.C. § 517, as it—not we— may choose.").

Accordingly, the United States hereby provides notice of intervention in this matter for the limited purpose of defending the constitutionality of the TCPA. Accompanying this notice is the United States' memorandum in defense of the constitutionality of the TCPA.

Respectfully submitted this 10th day of May 2021,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

*/s Laurel H. Lum*
LAUREL H. LUM
Trial Attorney (N.Y. Bar No. 5729728)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20530
(202) 305-8177
laurel.h.lum@usdoj.gov

*Counsel for United States of America*