IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY BILEK, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 18 C 3083 |
| NATIONAL CONGRESS OF EMPLOYERS, INC., NATIONAL BENEFIT BUILDERS, INC., ACCESSONE CONSUMER HEALTH, INC., UNIFIED LIFE INSURANCE COMPANY, HEALTH INSURANCE INNOVATIONS, INC., and DOES 1-10, | ) ) ) ) ) ) ) ) | Jeffrey T. Gilbert Magistrate Judge |
| Defendants. | ) | |

**ORDER**

Plaintiff Mary Bilek's Third Motion to Compel HII [ECF No. 380] is denied in all respects except one as explained below. For the avoidance of doubt, the Court's rulings on the two discovery disputes mentioned in the docket entry [ECF No. 396] issued immediately after the February 2, 2022, status hearing, with respect to relevant time-period and search terms, will stand.

Plaintiff's Motion to Compel [ECF No. 380] is denied with respect to Plaintiff's request for production of documents ("RFP") No. 18 and RFP No. 26 (both first set). RFP No. 18 seeks documents concerning Defendant Health Insurance Innovations, Inc.'s ("HII's") investigation, auditing, and testing relating to telephone-based lead generation or telemarketing. RFP No. 26 asks for all complaints and related documents that HII received about telemarketing or unwanted calls. Motion [ECF No. 380], at 3. Defendant HII says Plaintiff's Motion is premature with respect to these two RFPs because HII has not refused to produce responsive documents. In fact, HII says it is still in the process of producing responsive documents and will continue to do so. Response [ECF No. 387] at 6-7. The Court has set March 11, 2022,

as the date for HII to complete its document production absent a further court order. [ECF No. 396].

At this juncture, Plaintiff's speculation that HII is not searching for responsive documents in places where those documents are likely to be found is just that, speculation. The Court, therefore, agrees with HII that Plaintiff's Motion [ECF No. 380] is premature in this respect other than perhaps to provide HII with notice of where Plaintiff believes responsive documents may be located. There are no solid reasons for the Court to believe that HII is withholding responsive documents or refusing to conduct a reasonable search for such documents as of now, particularly while it is continuing its search for and committing to produce those documents.

Plaintiff's Motion to Compel [ECF No. 380] is denied as to RFP No. 17 (1st set) to the extent Plaintiff wants the Court to compel HII to produce consumer call / class data without redacting consumers' / putative class members' names and street addresses. In the Court's view, that personal contact information is not relevant or proportional discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) at this stage of the case when Plaintiff is looking for information to support her anticipated motion for class certification and before a class has been certified. *Swelnis v. Universal Fid. L.P.,* 2014 WL 1571323, at *2-3 (N.D. Ill. Apr. 17, 2014) (Cherry, P., M.J.) ("As the Supreme Court held in *Oppenheimer Fund, Inc. v. Sanders,* the names and addresses of potential class members do not fall within the scope of allowable discovery under Federal Rule of Civil Procedure 26(b)(1). 437 U.S. 340, 353, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).").

Plaintiff does not argue that putative class members' names and addresses are critical or even relevant to her ability to support class certification in this case under Federal Rule of Civil Procedure 23. Rather, Plaintiff's main argument is that HII waived any objection it might have had to producing that information when it did not raise that specific point in prior motion practice that resulted in the Court overruling HII's boilerplate objections to RFP No. 17 and an order that HII produce responsive documents. Order dated February 8, 2021 [ECF No. 324]. *See Shloss v City of Chicago,* 2020 WL 4339282, at *4 (N.D. Ill. July 28, 2020) (objections to written discovery not made in a timely fashion are waived).

The Court does not view this as a waiver situation. The objections that HII originally asserted to Plaintiff's RFP No. 17, though broad and not particularized, did include that RFP No. 17 sought "information that is not relevant to any party's claim or defense, and not proportional to the needs of the case." Order [ECF No. 324], at 1, citing [ECF No. 276-1], at 5. In the Court's view, HII sufficiently preserved the

objection that it is now making to producing putative class members' names and addresses. In overruling HII's boilerplate objections to RFP No. 17 as a whole, the Court did not specifically address whether HII had to produce names and addresses of putative class members at this stage of the case. Order dated February 8, 2021 [ECF No. 324].

As to whether consumers' / putative class members' names and addresses are relevant and proportional to the needs of this case, at this time, Plaintiff does not respond to the case law cited by HII in support of its position that it is not. Response [ECF No. 387] at 9-10. Failure to respond to a non-frivolous argument generally results in waiver. *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001). See *also Chicago Tchrs. Union, Loc. 1 v. Bd. of Educ. of City of Chicago*, 2020 WL 914882, at *15 (N.D. Ill. Feb. 25, 2020). Whether or not Plaintiff waived an argument that the information it is seeking is discoverable within the meaning of Federal Rule of Civil Procedure 26(b)(1), the Court finds that HII does not at this time need to produce the names and addresses for consumers / putative class members because that information is not relevant or proportional to the needs of this case at this time for the reasons discussed above. *Swelnis v. Universal Fid. L.P.,* 2014 WL 1571323, at *2-3 (citations omitted). The Court's ruling today is without prejudice to Plaintiff's ability to request that personal contact information in the future if and after a class is certified in this case.[1]

Plaintiff's Motion [ECF No. 380] is denied to the extent Plaintiff asks the Court to compel HII to respond fully to RFP No. 27 (3d set) which seeks "all disclosures" HII made to Madison Dearborn Partners ("MDP"), a private equity firm, about "litigation and liabilities" in connection with a merger transaction involving MDP and HII in

---

[1] The Court recognizes there is a difference of opinion as to whether personal contact information for putative class members should be produced at this stage of discovery and prior to certification of a class. *Compare Swelnis v. Universal Fid. L.P.,* 2014 WL 1571323, at *2-3, *with Hossfeld v. Allstate Ins. Co.,* 2021 WL 4819498 (N.D. Ill. Oct. 15, 2021) (Harjani, S., M.J.). Even in *Hossfeld*, however, where the court ordered the defendant to produce an internal do-not-call list during discovery without redacting personal identifying information, the court also ordered plaintiff's counsel not to contact any putative class members on that list until after a class was certified. *Hossfeld*, 2021 WL 4819498, at *6. *See also Drake v. Aerotek, Inc.*, 2014 WL 7408715 (W.D. Wis. Dec. 30, 2014) (Crabb, J.). The Court believes the approach it has taken in this case is the appropriate one here and results in no unfair burden or prejudice to Plaintiff in developing a record upon which to move for class certification. This is particularly true when, again, Plaintiff's only argument in support of her Motion [ECF No. 380] on this point is that Defendant HII waived any objection to producing consumer / putative class information without redaction of personally identifying information, and the Court has rejected that waiver argument.

3

2020. That request is overbroad and clearly seeks information that is irrelevant and not proportional to the needs of this case to the extent it encompasses "litigation and liabilities" that have nothing to do with the claims in this case. Disclosures to a third party in MDP's position about this particular case or litigation, however, could be relevant and proportional to the needs of this case because, among other things, they may include facts that are relevant to Plaintiff's claims including HII's assessment of the merits of those claims or the facts that give rise to them. Therefore, Plaintiff's Motion [ECF No. 380] is granted to the limited extent that the Court orders HII to produce its disclosures, if any, to MDP about this litigation with Plaintiff.

Defendant HII does not respond specifically to Plaintiff's request for this information. Rather, it focuses its argument in response to this aspect of Plaintiff's Motion [ECF No. 380] on Plaintiff's request for broad ranging financial information in RFP No. 30, discussed below. Response [ECF No. 387], at 10-15. As noted above, the failure to respond to a non-frivolous argument generally results in waiver. *Ennin v. CNH Indus. Am., LLC*, 878 F.3d at 595; *incinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d at 747; *Chicago Tchrs. Union, Loc. 1 v. Bd. of Educ. of City of Chicago*, 2020 WL 914882, at *15. Therefore, Plaintiff's Motion [ECF No. 380] is granted to the extent that HII must produce its disclosures, if any, to MDP about this specific case or litigation involving Plaintiff in response to RFP 27 (3d set) and denied in all other respects.

Plaintiff's Motion [ECF No. 380] is denied with respect to RFP No. 30 (3d set) which seeks broad ranging and voluminous financial information from HII. RFP No. 30 requests "all financial documents for the past five years, including but not limited to state and federal tax filings and returns, corporate balance sheets, statements of cash flows, banking and financial account records, audited and unaudited profit and loss statements, credit application or inquiry materials, records relating to loans and lines of credit, and financial summaries." Motion [ECF No. 380], at 6-7. Plaintiff says this information is necessary for her to show the absence of an adequate remedy at law in connection with a future motion for injunctive relief that Plaintiff intends to file, and to respond to HII's anticipated argument that the statutory damages Plaintiff will seek on a class-wide basis in this case under the Telephone Consumer Protection Act are unconstitutional.

The Court disagrees this discovery is proportional to the needs of this case within the meaning of Federal Rule of Civil Procedure 26(b)(1) at this time. The few cases Plaintiff cites in support of her argument that HII should be compelled to produce this information now are distinguishable. Those cases simply recognized that a defendant's financial condition may be a relevant consideration at some point in the

litigation process, such as in connection with a motion for a preliminary injunction or for summary judgment. They did not deal directly with the discoverability of the kind of broad ranging financial information over many years that Plaintiff is requesting here. *See, e.g., Snyder v. Ocwen Loan Servicing, LLC,* 258 F. Supp. 3d 893, 913 (N.D. Ill. 2017); *Maryland v. Universal Elections, Inc.,* 862 F. Supp. 2d 457, 466 (D. Md. 2012).

Even if HII's ability to satisfy a judgment in this case should become a relevant consideration in this case in the future, such as in connection with a preliminary injunction motion or to respond to a constitutional due process argument, the Court doubts that Plaintiff would need or be entitled to the full range of the financial information she is seeking in RFP No. 30 going back five years. The Court agrees with HII that generally the kind of broad ranging information that Plaintiff is seeking about HII's finances is discoverable only after a judgment has been entered on the merits. *Vincent v. Money Store, Inc.,* 2021 WL 6622702, *1 (S.D. N.Y. Dec. 20, 2012). Therefore, the Court denies Plaintiff's Motion [ECF No. 380] with respect to RFP No. 30.

Accordingly, for all these reasons, Plaintiff's Third Motion to Compel HII [ECF No. 380] is denied in all respects except one, with respect to RFP No. 27, as explained above.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 22, 2022