IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY BILEK, individually and on behalf of others similarly situated, | ) ) | |
| Plaintiff, | ) ) | Case No. 1:18-cv-03083 |
| v. | ) ) | |
| NATIONAL CONGRESS OF EMPLOYERS, INC., et al., | ) ) ) | Hon. Judge Jorge L. Alonso Hon. Mag. Judge Jeffrey T. Gilbert |
| Defendants. | ) | |

**DECLARATION OF ALEXANDER H. BURKE**

I, Alexander H. Burke, hereby declare as follows:

1. I am the manager and owner of Burke Law Offices, LLC. I represent the Plaintiff in this matter, and I submit this declaration in support of Plaintiff's Motion for Class Certification in this action. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. I opened Burke Law Offices, LLC in September 2008. The firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has focused on prosecuting cases pursuant to the Telephone Consumer Protection Act, although the firm accepts the occasional action pursuant to the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others. The firm also sometimes accepts mortgage foreclosure defense or credit card defense case. Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

3. I have been regularly asked to speak regarding TCPA issues, on the national level. For example, I conducted a one-hour CLE on prosecuting TCPA autodialer and Do Not Call

claims pursuant to the Telephone Consumer Protection Act for the National Association of Consumer Advocates in summer 2012, and spoke on similar subjects at the annual National Consumer Law Center ("NCLC") national conferences in 2012, 2013, 2014, 2015, 2016, 2017 and 2018. I also spoke at a National Association of Consumer Advocates conference regarding TCPA issues in March 2015, and in May 2016, I spoke on a panel concerning TCPA issues at the 2016 Practicing Law Institute Consumer Financial Services meeting in Chicago, Illinois.

4. I also am actively engaged in policymaking as to TCPA issues, and have had *ex parte* meetings with various decision makers and staffers at the Federal Communications Commission.

5. I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center's Consumer Rights Litigation Conference in 2006 through 2020, and was an active participant in the Consumer Class Action Intensive Symposium between 2006 and 2013, 2017 and 2018. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I was the vice-chair of the Chicago Bar Association's consumer protection section in 2009 and the chair in 2010. In November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

6. Some notable TCPA class actions and other cases that my firm has worked on include: *Kyle v. Charter Commc'ns, Inc.*, 2020 WL 2028269 (W.D. Mo. Apr. 27, 2020) (motion to dismiss or stay TCPA case denied); *Gurzi v. Penn Credit, Corp.*, 2020 WL 1501893 (M.D. Fla. Mar. 30, 2020) (finding VoApps calls to be covered by the TCPA); *Hoagland v. Axos Bank*, 2020 WL 583974 (S.D. Cal. Feb. 6, 2020) (motion to dismiss or stay TCPA case denied);

*Charvat v. Valente*, 2019 WL 5576932 (N.D. Ill. Oct. 28, 2019) ($12.5M TCPA settlement finally approved); *Brown v. DirecTV, LLC*, 2019 WL 6604879 (C.D. Cal. Aug. 5, 2019) (certifying TCPA litigation class); *Leeb v. Charter Commc'ns, Inc.*, 2019 WL 1472587 (E.D. Mo. Apr. 3, 2019) (appointing Burke Law Offices as Fed.R.Civ.P. 23(g) interim lead class counsel), *earlier decision* 2019 WL 144132 (Jan. 19, 2019) (compelling class data in TCPA case); *Brown v. DirecTV, LLC*, 2019 WL 1434669, at *1 (C.D. Cal. Mar. 29, 2019) (granting class certification in TCPA case, appointing Burke Law Offices as class counsel); *Rodriguez v. Premier Bankcard, LLC*, No. 3:16-cv-02541, 2018 WL 4184742 (N.D. Ohio Aug. 31, 2018) (defense summary judgment motion denied); *Saunders v. Dyck O'Neal, Inc.*, No. 1:17-cv-00335, 2018 WL 3453967 (W.D. Mich. July 16, 2018) (as a matter of first impression, holding that "direct drop" voice mails are covered by the TCPA), *Postle v. Allstate Ins. Co.*, No. 17-CV-07179, 2018 WL 1811331, at *1 (N.D. Ill. Apr. 17, 2018) (denying motion to dismiss on statutory standing grounds); *Toney v. Quality Res., Inc.*, 323 F.R.D. 567, 573 (N.D. Ill. 2018) (certifying contested telemarketing TCPA class); *Cross v. Wells Fargo, N.A.*, 1:15-cv-1270, Docket Entry 103 (Feb. 10, 2017 N.D.Ga.) (final approval granted for $30M class settlement where I was lead counsel); *Lowe v. CVS Pharmacy, Inc.*, No. 14 C 3687, 2017 WL 528379 (N.D. Ill. Feb. 9, 2017) (personal jurisdiction motion denied in large TCPA case); *Markos v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-1156-LMM, 2017 WL 416425 (Jan. 30, 2017, N.D.Ga.) (final approval granted for $16M class settlement where I was lead counsel); *Tillman v. The Hertz Corp.*, No. 16 C 4242, 2016 WL 5934094 (N.D. Ill. Oct. 11, 2016) (motion to compel TCPA class case into arbitration denied); *Hurst v. Monitronics Int'l, Inc.*, No. 1:15-CV-1844-TWT, 2016 WL 523385 (N.D. Ga. Feb. 10, 2016); (motion to compel arbitration denied); *Smith v. Royal Bahamas Cruise Line*, No. 14-CV-03462, 2016 WL 232425 (N.D. Ill. Jan. 20, 2016)

(personal jurisdiction motion denied); *Bell v. PNC Bank, Nat'. Ass'n.*, 800 F.3d 360 (7th Cir. 2015) (class certification affirmed in wage and hour case); *Charvat v. Travel Services*, 2015 WL 3917046 (N.D. Ill. June 24, 2015) (determining proper scope of class representative discovery in TCPA case), and 2015 WL 3575636 (N.D. Ill. June 8, 2015) (granting plaintiff's motion to compel vicarious liability/agency discovery in TCPA case); *Lees v. Anthem Ins. Cos. Inc.*, 2015 WL 3645208 (E.D. Mo. June 10, 2015) (finally approving TCPA class settlement where I was class counsel); *Hofer v. Synchrony Bank*, 2015 WL 2374696 (E.D. Mo. May 18, 2015) (denying motion to stay TCPA case on primary jurisdiction grounds); *In re Capital One TCPA Litig.*, No. 11-5886, 2015 WL 605203 (N.D. Ill. Feb. 12, 2015) (granting final approval to TCPA class settlement where I was class counsel); *Wilkins v. HSBC Bank Nevada, N.A.,* 2015 WL 890566 (N.D. Ill. Feb. 27, 2015) (granting final approval to TCPA class settlement where I was class counsel); *Hossfeld v. Government Employees Ins. Co.*, 88 F. Supp. 3d 504 (D. Md. 2015) (denying motion to dismiss in TCPA class action); *Legg v. Quicken Loans, Inc.*, 2015 WL 897476 (S.D. Fla. Feb. 25, 2015) (denying motion to dismiss in TCPA case); *Hanley v. Fifth Third Bank*, No. 1:12-cv-1612 (N.D. Ill. Dec. 27, 2013) (final approval for $4.5 million nonreversionary TCPA settlement); *Smith v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 228892, (N.D.Ill. Jan. 21, 2014) (designating me as pursuant to Fed.R.Civ.P. 23(g) interim liaison counsel pursuant to contested motion in large TCPA class case), 2014 WL 3906923 (Aug 11, 2014) (motion to dismiss denied in cutting edge TCPA vicarious liability case); *Markovic v. Appriss, Inc.*, 2013 WL 6887972 (S.D. Ind. Dec. 31, 2013) (motion to dismiss denied in TCPA class case); *Martin v. Comcast Corp.*, 2013 WL 6229934 (N.D. Ill. Nov. 26, 2013) (motion to dismiss denied in TCPA class case); *Gold v. YouMail, Inc.*, 2013 WL 652549 (S.D. Ind. Feb. 21, 2013) (contested motion for leave to amend granted to permit cutting-edge vicarious liability theory

allegations); *Martin v. Dun & Bradstreet, Inc.*, No. 1:12-cv-215 (N.D. Ill. Aug. 21, 2012) (Denlow, J.) (certifying litigation class and appointing me as class counsel) (final approval granted for $7.5 million class settlement granted January 16, 2014); *Desai v. ADT, Inc.*, No. 1:11-cv-1925 (N.D. Ill. June 21, 2013) (final approval for $15 million TCPA class settlement granted); *Martin v. CCH, Inc.*, No. 1:10-cv-3494 (N.D. Ill. Mar. 20, 2013) (final approval granted for $2 million class settlement in TCPA autodialer case); *Swope v. Credit Mgmt., LP*, 2013 WL 607830 (E.D. Mo. Feb. 19, 2013) (denying motion to dismiss in "wrong number" TCPA case); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D. Ill. Aug. 10, 2012) (denying motion to dismiss TCPA case on constitutional grounds); *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681(N.D. Ill. Aug 21, 2011), *aff'd*, 679 F.3d 637 (7th Cir. 2012) (TCPA defendant's summary judgment motion denied. My participation was limited to litigation in the lower court); *D.G. ex rel. Tang v. William W. Siegel & Assocs., Attorneys at Law, LLC*, 2011 WL 2356390 (N.D. Ill. Jun 14, 2011); *Martin v. Bureau of Collection Recovery*, 2011WL2311869 (N.D. Ill. June 13, 2011) (motion to compel TCPA class discovery granted); *Powell v. West Asset Mgmt., Inc.,* 773 F. Supp. 2d 898 (N.D. Ill. 2011) (debt collector TCPA defendant's "failure to mitigate" defense stricken for failure to state a defense upon which relief may be granted); *Fike v. The Bureaus, Inc.*, 09-cv-2558 (N.D. Ill. Dec. 3, 2010) (final approval granted for $800,000 TCPA settlement in autodialer case against debt collection agency); *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500 (N.D. Ill. Dec. 16, 2009) (Fed. R. Civ. P. 72 objections overruled in toto), 2010 WL 308975 (N.D. Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class).

  7. Before I opened Burke Law Offices, LLC, I worked at two different plaintiff boutique law firms doing mostly class action work, almost exclusively for consumers. Some

decisions that I was actively involved in obtaining while at those law firms include: *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008) (FCRA class certification granted); 542 F. Supp. 2d 842 (N.D. Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co.*, No. 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D. Ill. Mar. 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D. Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc.*, 249 F.R.D. 290 (N.D. Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008) (FCRA class certification granted); *aff'd upon objection* (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp., C.A.* No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); *Longo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D. Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc.*, Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D. Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*, No. 2:03 cv 498, 226 F.R.D. 328 (N.D. Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D. Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, Nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), *aff'd*, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.*, No. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D.

6

Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

8. I graduated from Colgate University in 1997 (B.A. Int'l Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois, and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois, and was a research assistant to adjunct professor Hon. Michael J. Howlett, Jr.

9. I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

10. I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the First, Second, Seventh, Eighth, and Eleventh Circuits, as well as the Northern, Central, and Southern Districts of Illinois, Eastern and Western Districts of Wisconsin, Northern and Southern Districts of Indiana, the District of Nebraska, Western District of New York, Eastern District of Missouri, and District of Colorado. I am also a member of the Illinois State Bar Association, the Chicago Bar Association, the Seventh Circuit Bar Association, and the American Bar Association, as well as the National Association of Consumer Advocates.

11. The firm has one associate, Daniel J. Marovitch. Mr. Marovitch is a 2010 graduate of Loyola University Chicago School of Law, and is admitted to practice in the State of Illinois, the United States Court of Appeals for the Seventh Circuit, and United States District

7

Courts for the Northern District of Illinois, District of Colorado, and Northern District of Indiana.

12. My firm pursued this case on an entirely contingent-fee basis, devoting time and resources without any guarantee of payment.

13. This firm has zealously advocated on behalf of Plaintiff and the Classes in this case. We have invested substantial time and resources preparing this case, including through investigating and identifying Plaintiff's individual and class claims, and conducting discovery that included details about the scope and nature of the proposed Classes as well as information about the nature and cause of the alleged TCPA violations at issue. We have a firm handle on the facts and law in this action, and have the necessary experience and resources to represent the Classes. We have devoted, and will continue to devote, the experience and resources necessary to protect the Class members' interests.

14. Likewise, there is nothing to suggest that Plaintiff has any conflict with the Classes, or interest antagonistic to the vigorous pursuit of the class claims in this case. Rather, Plaintiff's claims and interests are aligned with those of the other Class members. She thus has had every incentive to vigorously pursue the claims of the Classes, as she has done by remaining actively involved in this matter since its inception. By investigating, filing, and vigorously prosecuting this case, Plaintiff has demonstrated a desire and ability to protect Class members' interests. She has elected not to focus on her individual claims, but instead is standing up for others who, like her, have been subjected to unlawful telemarketing on behalf of Defendants.

15. My office issued several subpoenas in this case to Fextel Inc. ("Fextel"), which provided the telecommunications platform used by Health Advisors of America, Inc. ("HAA"). A true and correct copy of HAA inbound did_log records (converted to PDF) that Fextel

produced with Plaintiff's cell phone number are provided as Exhibit G, each reflecting the (321) 261-0979 or (979) 201-5297 DID extensions relevant to the proposed Class during the relevant time period.[1] Fextel likewise produced audio recordings for each of these three calls, Exhibits D-F. For the Court's ease of reference, rough copies of transcriptions of these calls created by transcription service Rev.com, Inc. (with minor touchup/formatting revisions by my office) are provided respectively as Exhibits D-F. See Ex. A, Bilek Dep. at 71 (Plaintiff testifying that she has no reason to believe call transcript my office previously submitted was inaccurate). Slight additional touchups have been made, largely to remove redactions.

16. My office took a 77,610-call sample of these Rising Eagle call transfers from DIDs (321) 261-0979 and (979) 201-5297 (limited to 49,128 unique Illinois area code phone numbers), and subpoenaed AT&T, Verizon, and T-Mobile for corresponding historical customer information. AT&T returned subscriber/user name, address, and other contact information for 11,424 cell phone numbers; a sample of this production was appended by my office to the end of the AT&T declaration provided as Exhibit CC. Verizon returned similar data for 21,511 calls with 12,394 unique cell numbers; a sample of this production was appended by my office to the end of the Verizon declaration provided as Exhibit DD. While underinclusive, this proof of concept demonstrates that there were at least 40,571 calls to 23,764 cell numbers initiated by Rising Eagle using the same equipment, that played the same "Blue Cross" prerecorded message, that were transferred to HAA on DIDs via (321) 261-0979 and (979) 201-5297, that were made for the purpose of selling HII products and services, corresponding to the Damages Class.

17. True and correct copies of Plaintiff's following exhibits are being provided with the motion, except for the recordings and data files associated with Exhibits D-F, JJ, MM, and

---

[1] Plaintiff's cell phone number is partially redacted.

Exhibits E and F to the Verkhovskaya Report (Exhibit BB), which are being sent to the Clerk's Office. Documents subject to a motion to seal/redact are identified with an asterisk.

| Exhibit | Description |
|---|---|
| A* | Bilek Deposition Transcript |
| B | Bilek Declaration |
| C | "Bilek Call Recordings and Screenshots.pdf" that matches up Plaintiff's voicemail recording and screenshot productions by Bates number with the date/time and caller ID |
| D | Transcript/Recording of HAA Call with Plaintiff on March 13, 2018 |
| E* | Transcript/Recording of HAA Call with Plaintiff on March 16, 2018 |
| F* | Transcript/Recording of HAA Call with Plaintiff on September 20, 2018 |
| G* | Printout of Data for Plaintiff-Specific Rising Eagle Call Transfers to HAA[2] |
| H* | HII/Gillis Deposition Transcript |
| I | Spiller Deposition Transcript (Rising Eagle) |
| J | Spiller Declaration (Rising Eagle) |
| K | Spiller Deposition Transcript from *Texas v. Rising Eagle Capital Group, LLC*, No. 4:20-cv-02021 (S.D. Tex. Mar. 2, 2022) ("TX Spiller Dep.") |
| L | HAA/Smith Deposition Transcript |
| M | Brady Deposition Transcript (Former HII Employee) |
| N* | Example HII Site Visit Reports (Group Exhibit) |
| O* | HII112912-914 |
| P | Griffin Deposition Transcript (HAA Employee) |
| Q* | group exhibit encompassing HII007273-276 and HII103161 |
| R* | HII001981 and select attachments |
| S* | HAA-ActiveProspect Contract Covered by HII |
| T* | HII077020 |
| U* | ACTPRO_000232 |
| V | ActiveProspect/Chickman Deposition Transcript |
| W | Duffie Deposition Transcript (HAA Agent) |
| X* | NBBI667-671 |
| Y* | NBBI/Marszalowicz Deposition Transcript |
| Z* | AccessOne/Moore Deposition Transcript |
| AA | Fextel Declaration |
| BB* | Verkhovskaya Report (with incorporated exhibits; Exhibits E and F are data files that are being separately provided on disk to the Clerk's Office) |
| CC* | AT&T Declaration & Data Sample Printout (appended by Plaintiff)[3] |
| DD* | Verizon Declaration & Data Sample Printout (appended by Plaintiff) |

---

[2] This excerpt consists of the Plaintiff-specific vicidial_did_log data produced by Fextel for HAA. *See* Ex. AA, Fextel Decl. ¶¶ 4-5 and http://vicidial.org/docs/LOG_TABLES.txt (confirming that the vicidial_did_log tables are "[l]ogs of all inbound calls as they came into the system"). It also coincides with the recordings of calls in which Plaintiff was transferred from Rising Eagle to HAA, Exs. D-F.

[3] My firm "printed to PDF" 10-page samples of the AT&T and Verizon subpoena response productions, and appended each to the carrier's respective declaration as group exhibits.

| EE | T-Mobile Declaration |
|---|---|
| FF* | NCE/Sabatella Deposition Transcript |
| GG* | NCE-HII Agreements |
| HH* | NCE-NBBI Agreements |
| II* | AccessOne-NBBI Agreements |
| JJ* | Example HII Daily Quote Data |
| KK* | HII111416 |
| LL* | Example HII-NCE Plan Brochures |
| MM* | HII001944 (Duffie HII sales; see Sold Member Details tab) |
| NN | Mears Deposition Transcript (Rising Eagle) |
| OO* | example HII general agent and subagent agreements |
| PP* | TCPA complaints HII traced to HAA |
| QQ* | HII006173 |
| RR* | HII088111 |
| SS* | HII087831 |
| TT* | HII008866 |
| UU* | HII sending DNC list additions to HAA in 2019 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 12, 2022.

                                                                                 */s/ Alexander H. Burke*